R. J. Castaine v. The State.

No. 11751. Delivered April 25, 1928.

Rehearing denied June 30, 1928.

The opinion states the case.

*Xavier Christ* of Beaumont, for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

HAWKINS, Judge.—Conviction is for passing a forged instrument, punishment being two years in the penitentiary. Some sug-

gestion is found in appellant's brief that evidence was received which was not properly admissible. No bills of exception are brought forward making complaint to that effect; in fact no exceptions of any kind are found in the record. The only question which this court can review is whether the evidence is sufficient. Appellant endorsed and passed a check for $3.00 drawn on a Port Arthur bank which purported to be signed by Exavia LeBlanc. Appellant claimed to have known such a party and to have received the check from him. Other witnesses testified that there were many LeBlancs in Port Arthur but none of the name appearing on the check so far as they knew or could ascertain. A number of checks admitted by appellant to have been written and signed by him were produced and an employee of the bank testified that in his opinion the alleged forged check and the endorsement admittedly placed thereon by appellant were in the same hand writing, and that the admitted checks written by appellant were in the same hand writing as the forged check and the endorsement thereon. The evidence appears quite sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

On his interpretation of Leeper v. State, 11 S. W. Rep. 644, appellant insists that his conduct in regard to the transaction involving the passage of the alleged forged check, was such as to rebut and overcome the State's proof of guilt. We find little similarity between this case and the one referred to. In the case at bar appellant refunded the money gotten on the check in question, after he was indicted. He produced no witnesses who knew or had ever heard of the party whose name appeared as the maker of said forged check. Appellant alone gave testimony favorable to his side of the case, but having admitted before the jury that he had been in the penitentiary, had been convicted of the offense of forgery, and that he had on other occasions made good forged checks passed by him, we fear his testimony was more hurtful than helpful to his cause.

Finding no error in the record, the motion for rehearing is overruled.

*Overruled.*